# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AARON K. MARSH,

    Plaintiff,

v.                                            CASE NO. 4:07cv492-RH/AK

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 2), and the objections thereto (documents 3 and 4). I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that this case should be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). I accept the recommendation with these additional comments.

Plaintiff was detained civilly under Florida's Jimmy Ryce Act following the expiration of a criminal sentence in 1999. He was informed on September 14, 1999 that a discharge gratuity check of $100, normally provided to incarcerated

prisoners upon release, was forfeited upon his civil commitment.  On December 29, 2004, plaintiff filed a complaint in this court, *Marsh v. State of Florida*, Case No: 4:05cv12-MP/AK, alleging that the denial of the discharge gratuity check violated his constitutional rights.  After considering objections and suspending its decision in order to entertain further proof of plaintiff's additional allegations that he had been denied the opportunity to exhaust administrative remedies, the court ultimately adopted the magistrate's report and recommendation that plaintiff's claims were barred by the expiration of the statute of limitations on September 17, 2003.  Order of June 7, 2007 at 2 (document 28 adopting document 16, which resubmitted document 9, in Case No: 4:05cv12-MP/AK, at 2.)

Before the court's ruling was announced, plaintiff filed an amended complaint which included allegations against two defendants not named in the initial complaint.  (Document 26 in Case No: 4:05cv12-MP/AK.)   The amended complaint stated that "Mr. A. Kent, classification release officer" failed to respond to plaintiff's first inmate request form[1] between January 2004 and October 2005 regarding the discharge gratuity, and replied to a second request from October 2005 stating that, "As I stated in your interview, I believe that you will get the discharge gratuity, but <u>Accounting</u> has the final say." *Id.* at 4.  The amended

---

[1] Plaintiff was apparently incarcerated again as a prison inmate from January 2004 to November 2005, before being returned to civil commitment status.

complaint also stated that plaintiff asked "Christopher J. Sbot, probation officer specialist," about the gratuity check on November 16, 2007, to which "Mr. Sbot informed Plaintiff he will see him on [the next day] about the check." *Id.* Plaintiff alleges that the following day, Mr. Sbot "walked by [him] and said nothing to him about the release check" despite plaintiff's further inquiry. *Id.* at 5. The court treated the amended complaint as a motion for leave to amend and denied the motion, stating that "Plaintiff must file a separate law suit to introduce those new claims." Order of Nov. 27, 2007 at 2 (Document 28 in Case No: 4:05cv12-MP/AK at 2). A separate action raising the same allegations, including those against Mr. Kent and Mr. Sbot (Case No: 1:06cv147-MP/AK), was dismissed because the related issues were pending in Case No: 4:05cv12-MP/AK.

Plaintiff has reasserted his claims against Mr. Kent and Mr. Sbot in the case at bar. The report and recommendation advises that this action be dismissed on the grounds that it raises claims which were previously dismissed as barred by the statute of limitations. That is true for at least part of the claims here, but not those against Mr. Kent and Mr. Sbot, who were not parties to the initial action, who were specifically not addressed in the prior case's order of dismissal, and whose alleged conduct in 2005 is not barred by the four-year statute of limitations.

Nonetheless, it is clear that the conduct alleged in the complaint is not actionable under federal or state law. Assuming all of plaintiff's allegations are

true, then at best Mr. Kent and Mr. Sbot made conditional offers in 2004 and 2005 to consider the question of plaintiff's entitlement to a gratuity for which plaintiff's time to seek formal remedy had already expired in 2003.  Their alleged failure to produce a favorable result for plaintiff with respect to a matter on which formal relief was barred does not constitute a constitutional deprivation.

Although plaintiff has not yet moved to proceed *in forma pauperis*, no filing fee has been paid, and plaintiff has not objected to treatment of the action under the standards applicable to *in forma pauperis* actions.  Under those standards, the "court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief can be granted." 28 U.S.C. §1915(e)(2)(B)(ii) (emphasis added).  This action will be dismissed on those grounds.

One other matter should be mentioned.  The report and recommendation also concludes that this dismissal constitutes a third strike under 28 U.S.C. §1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because plaintiff is a civilly committed detainee, rather than a prisoner, this provision does not apply. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). But in any event, the effect of the instant dismissal in any further lawsuit will be an issue for the court in that lawsuit.

    Accordingly,

    IT IS ORDERED:

    The report and recommendation is ACCEPTED and adopted as the opinion of the court to the extent set forth in this order. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall enter judgment accordingly.

    SO ORDERED this 9th day of January, 2008.

                                        s/Robert L. Hinkle
                                        Chief United States District Judge